■ STEPHEN CONSULTING SERVICES, LTD., Appellant, v MVP SYSTEMS GROUP, INC., Respondent.—Order and judgment (one paper), Supreme Court, New York County (Diane A. Lebedeff, J.), entered January 6, 1992, granting defendant's motion for summary judgment and dismissing the complaint, unanimously affirmed, with costs.

Plaintiff, whose president and principal is a member of the Bar, is engaged in the business of conducting audits on behalf of commercial tenants to determine whether they had been subjected to rent overcharges. Defendant is a commercial tenant. After some discussion, but before entering into any written agreement, plaintiff reviewed defendant's lease and rent bills and determined that there were overcharges. Thereafter, the parties executed a one page form retainer agreement for plaintiff's services, which provided, in relevant part, that "[i]f [plaintiff] discovers *overcharge errors* it will notify the client and, with the prior approval of the client negotiate with the landlord to obtain refunds, credits or reductions in future rents (hereinafter 'Savings'). One-half of any Savings will be paid to [plaintiff] when received by Client. There are no other charges or fees for this service." (Emphasis in original.) After plaintiff submitted its findings to defendant, defendant advised plaintiff that it did not wish to pursue any overcharge claim. Plaintiff then commenced this action to recover the fees it claims to have earned.

In light of the requirement for prior approval, set forth in a form contract proffered by the plaintiff, a sophisticated business person, defendant was under no obligation to go forward on an overcharge claim. Equally unavailing is plaintiff's argument that based upon the discussion of the parties, a $20,000 threshold finding of overcharges was intended as an express condition to defendant's obligation to pursue recovery from its landlord (see, *Backer v Lewit,* 180 AD2d 134, 137, quoting *Mitchill v Lath,* 247 NY 377, 381). Concur—Sullivan, J. P., Wallach, Kupferman and Ross, JJ.